UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANIL RAJ                                          CIVIL ACTION

VERSUS                                            NO: 03-1993

SANDRA TOMASETTI                                  SECTION: R(2)

**ORDER AND REASONS**

Before the Court is plaintiff's motion for preliminary injunction.  Plaintiff seeks to enjoin the enforcement of a Louisiana state court judgment which declared the consent judgment reached in this case a nullity and enjoined the enforcement of that judgment through seizure of defendant's property.  For the following reasons, the Court DENIES plaintiff's motion.

**I.   BACKGROUND**

This matter arises out of a diversity case that plaintiff Anil Raj brought against defendant Sandra Tomasetti in which he

asserted state law claims for breach of contract, conversion, and unjust enrichment.  Raj claimed damages totaling $509,134.88, plus attorney's fees. Raj alleged that Tomasetti (1) defaulted on two promissory notes held by Raj totaling $185,466.67 plus interest; (2) failed to pay $215,425.73 in expenses incurred by Raj for Tomasetti's benefit and which Tomasetti agreed to pay; (3) converted various antiquities and other items of Raj's personal property; and (4) was unjustly enriched in the amount of $108,242.48 as a result of Raj's servicing of various debts of Tomasetti's.

The parties settled this lawsuit relatively quickly.  Raj sued Tomasetti on July 10, 2003, and roughly five months later on December 18, 2003, the Court entered a consent judgment on the parties' motion.  The parties agreed that Tomasetti would pay $100,000 to Raj by December 31, 2004, and if Tomasetti failed to make timely payment she would owe interest at eight percent per annum, plus a penalty of 10 percent of the amount due per month for every month that funds were past due.[1]  The consent judgment further provided that it would be "null and void if filed into the mortgage records of any parish or county prior to any event of default by defendant in fulfilling any of these obligation."[2]

---

[1] *See* Consent Judgment, R. Doc. 5. The consent judgment also included other terms that are not pertinent here.
[2] *Id.* at 2.

During the entire litigation, both parties were represented by counsel, and the consent judgment bears the signature of counsel for both parties.  The Court never held a hearing on this matter, and the parties did not submit any briefs on the agreement.  The parties merely advised the Court that they had reached a settlement in this matter and submitted the terms of their agreement to the Court.  The Court approved the parties' settlement without reasons and entered a judgment, which concluded the litigation.

The December 31, 2004 deadline for Tomasetti's payment came and went, and she did not pay the $100,000 to Raj as she had agreed.  Raj sought to enforce the terms of the settlement in Louisiana state court.  On August 24, 2006, Raj filed a petition in state court to make this Court's judgment executory in order to garnish Tomasetti's property in satisfaction of the judgment. The 21st Judicial District Court for the Parish of St. Tammany granted Raj's motion.  On March 21, 2007, that court issued a writ of *fieri facias* to the Sheriff of St. Tammany Parish to seize and sell personal and real property of Tomasetti's in the sum of $1,757,533.75 — the total that Raj had calculated he was owed based on compounding the interest and penalty provisions included in the parties' settlement.[3]  Thus, Tomasetti's failure

---

[3] *See* Writ of *Fieri Facias*, R. Doc. 6-6.

to comply with the consent judgment that obliged her to pay $100,000 in settlement multiplied into a liability exceeding $1.75 million.  On April 23, 2007, the St. Tammany parish sheriff seized Tomasetti's house in Slidell by filing a notice of seizure in the parish mortgage records and then physically seized several items of Tomasetti's personal property on May 8, 2007.  The sheriff set June 13, 2007 as the sale date for Tomasetti's property.  Raj has never sought to enforce the consent judgment in this Court.

In response to the sheriff's seizure of her property, Tomasetti sought to halt enforcement of the 21st Judicial Court's judgment.  On May 17, 2007, Tomasetti filed a petition in state court (1) to set aside the writ of *fieri facias* and halt the seizure of her property; (2) to determine the correct amount owed under the consent judgment entered by this Court; (3) for an injunction ordering the Sheriff to release her property; and (4) for sanctions against Raj and his counsel.[4]  In her petition, Tomasetti maintained that Raj had miscalculated the amount of the debt owed under the consent judgment and that in fact she owed Raj only $107,813.25.[5]  Tomasetti paid that amount into the state court registry in satisfaction of the consent judgment.  Although

---

[4] *See* Rule to Show Cause and Motion for Expedited Hearing Thereon.

[5] *See id.* at paras. 2-3.

4

Tomasetti did not explicitly argue that the 10 percent penalty in the consent judgment was an absolute nullity under Louisiana law, her calculations of the correct amount owed under the judgment did not include the penalty. She later clarified at the hearing on her petition that she sought a declaration that the penalty provision was null and void. She also stipulated to the validity of the rest of the judgment.[6] The 22d Judicial District Court then entered a judgment in favor of Tomasetti. The court declared the 10 percent penalty "an absolute nullity as a matter of [Louisiana] law" and enjoined all further enforcement of that provision.[7] At the hearing on Tomasetti's petition, the state court reasoned that a consent judgment is frequently not the "result of a considered judicial hearing"[8] and that the 10 percent penalty provision was against public policy and in contravention of articles 2000 and 2298 of the Louisiana Civil Code.[9] The court also found that the $107,813.25 that Tomasetti paid into the state court registry was payment in full satisfaction of her debt under the consent judgment. Raj withdrew these funds from the state court registry. Raj also appealed the state court's decision to the Louisiana Court of

---

[6] *See* Hearing Tr. at 232-33.
[7] *See* 22d Judicial District Court for the Parish of St. Tammany, July 19, 2007, R. Doc. 6-2 at 2.
[8] Tr. at 250.
[9] *Id.* at 254.

Appeal for the First Circuit.[10]  On June 6, 2008, the Court of Appeal issued an opinion affirming the judgment of the state district court that the penalty provision of this Court's consent judgment was null as a matter of Louisiana law.

Raj now returns to federal court seeking to enjoin the enforcement of the state court judgment that declared the 10 percent penalty provision a nullity and returned Tomasetti's seized property to her.  He argues that Tomasetti launched a collateral attack on the consent judgment in state court and that the state court effectively sat as an appellate tribunal, reviewing the consent judgment entered by this Court. Tomasetti's action, he contends, thwarts the enforcement of the consent judgment of this case and constitutes an attempt to relitigate issues decided by this Court.  Raj recognizes that the Anti-Injunction Act, 28 U.S.C. § 2283, generally bars federal courts from enjoining or staying state court proceedings.  But this matter, he contends, falls within the "relitigation exception" to the statute, making a federal court injunction appropriate.

## II.  LEGAL STANDARD

In general a district court may not issue an injunction to stay state court proceedings.  The Anti-Injunction Act provides

---

[10] *See* Trial Rec. at 169-84.

that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The Supreme Court has established, however, that the Full Faith and Credit Act, 28 U.S.C. § 1738, which requires federal courts to give state judicial proceedings the same full faith and credit they would have in that state, trumps the relitigation exception where a state court has finally determined the res judicata effect of a federal court's order. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 524-25 (1986).  The relitigation exception is limited to "those situations in which the state court has not yet ruled on the merits of the res judicata issue." *Parsons Steel*, 474 U.S. at 524.  If the state court has already ruled on the conclusive effect of a federal judgment, recourse must be pursued through appeals in the state court system and certiorari to the Supreme Court. *Parsons Steel*, 474 U.S. at 524-25.

A federal court must apply a two-part test in determining whether the state court's ruling on res judicata is itself entitled to full faith and credit.  The Court must first determine whether the state court issued a final decision, as defined under state law, which bars reassessment of the

preclusive effect of a prior federal action.  *See Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 493 (5th Cir. 2000); *Board of Trustees of Galveston Wharves v. Pires*, 40 F.3d 385 (1994).  If the state court judgment is final, the Court must then look to state law to see if the judgment bars reassessment of the res judicata issue. *Id.*

### III. DISCUSSION

Despite Raj's argument that this issue should be decided under the Anti-Injunction Act, the Court finds that, pursuant to *Parsons Steel*, the Full Faith and Credit Act governs its decision.  The relitigation exception to the Anti-Injunction Act applies when a prevailing party seeks an injunction against relitigation after the opposing party has begun a state action and before the state court has reached a final judgment. *See Parsons Steel*, 474 U.S. at 524.  If the prevailing party first chooses to fight out the res judicata issue in state court, and only returns to federal court after losing, the federal court must abide by the Full Faith and Credit Act and refuse to enjoin enforcement of the judgment. *See id.*  Even if the state court mistakenly rejected the party's claim of res judicata, this error does not justify the "highly intrusive remedy of a federal court injunction against the enforcement of a state-court judgment." *Id.* at 525.  As the Supreme Court held, "federal courts should

decline to issue an injunction against state court proceedings if there are any doubts as to its propriety." *Regions Bank,* 224 F.3d at 495 (citing *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.s. 281, 297 (1970).  Thus with due consideration to the "principles of comity and federalism," the Court declines to issue an injunction against the state court judgment.  *Regions Bank*, 224 F.3d at 495.

The Court finds that *Parsons Steel* governs this case even though neither the state trial court nor the state appellate court expressly considered whether the original federal judgment had a preclusive effective on the state court action.  The Fifth Circuit has previously applied *Parsons Steel* when the state court did not expressly consider the res judicata issue.  In *Regions Bank*, the Fifth Circuit found that the Full Faith and Credit Act prohibited the federal district court from issuing an injunction against the enforcement of state court default judgments that did not expressly consider the res judicata effect of a prior federal judgment.  224 F.3d at 495.  Similarly, here the state court's lack of discussion of the res judicata issue does not alter the analysis.  The state court nullified the penalty provision pursuant to Louisiana Civil Code art. 2030, which provides that a contract is null when it violates a rule of public order.  Since the penalty provision of the consent judgment violated Louisiana

Civil Code art. 2000, which constrains a party's capacity to stipulate monetary damages for delay in performance, the court nullified this provision of the judgment under art. 2030. The court's nullification of that provision, in effect, deprived that part of the federal judgment of res judicata effect.

The Court finds that the judgment of the Louisiana First Circuit Court of Appeal merits the full faith and credit of this Court, as did the decision of the state trial court. The state appellate court's judgment is a final decision that bars this Court's reassessment of the preclusive effect of the prior federal action. Under Louisiana law, a final judgment is one that "determines the merits in whole or in part." La. Code Civ. Proc. Ann. art. 1841 (2004). A Louisiana state court judgment is final for res judicata purposes when the trial court enters judgment. *Maples v. LeBlanc Maples & Waddell*, 2003 WL 21467540 at *4 (E.D. La. 2003) (citing *Energy Development Corp. v. St. Martin*, 2002 U.S. App. LEXIS 12756, *11-13 (5th Cir. 2002)). Since the state trial court entered judgment after a trial on the merits, and the judgment was affirmed on appeal, the state court judgments are final for res judicata purposes.

Additionally, the judgments must be given res judicata effect under Louisiana law. The Louisiana res judicata statute provides that a valid and final judgment is conclusive between

the same parties, except on appeal or other direct review, to the following extent:

>   (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
>   (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
>   (3) A judgment in favor of either the plaintiff or defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. Rev. Stat. Ann. § 13:4321.  Here, the Louisiana appellate court judgment has res judicata effect on Raj's current federal action.  The parties are the same, and Raj's cause of action arises out of the same transaction or occurrence as the state court action.  The trial court judgment, affirmed on appeal, was conclusive with respect to the validity of the penalty provision of the consent judgment.  As such, this Court must give full faith and credit to the state court decisions and decline to issue an injunction against their enforcement.  Raj can attack the state appellate judgment through an appeal to the state supreme court and an application for certiorari to

the Supreme Court of the United States.

**IV. CONCLUSION**

For the foregoing reasons, the plaintiff's motion for preliminary injunction is DENIED.

New Orleans, Louisiana, this <u>11th</u> day of July 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE